United States District Court
Southern District of Texas
**ENTERED**
August 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTORIA ROBERSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 24-3208 |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Victoria Roberson sued Wal-Mart Stores Texas, LLC after slipping and falling at a Walmart store in Spring, Texas. (Docket Entry No. 1-2). Walmart has moved for summary judgment. (Docket Entry No. 18). The parties agree that Ms. Roberson's only viable claim is for premises liability. (*Id*. at 5); (Docket Entry No. 20 at 3). Walmart argues that Ms. Roberson has presented insufficient evidence to create a genuine factual dispute material to deciding her premises liability claim. (Docket Entry No. 18 at 5–8). Ms. Roberson responded, (Docket Entry No. 20), and Walmart replied, (Document Entry No. 21). Based on the briefing, the record, the evidence presented, and the applicable law, the court grants Walmart's motion for summary judgment. The reasons are stated below.[1]

**I.   The Legal Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of

---

[1] Walmart's second motion to exclude Ms. Roberson's experts, (Docket Entry No. 22), is denied as moot.

the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and

2

articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250–51).

## II.  Analysis

Ms. Roberson alleges that, despite exercising reasonable care, she slipped and fell on water that was on the floor of the clothing section at Walmart. She believes that the water came from the ceiling. (Docket Entry Nos. 1-2, 20).

Walmart moved for summary judgment on Ms. Roberson's claims for premises liability and negligence. (Docket Entry No. 18). Ms. Roberson's response states that her claim "is properly analyzed under premises liability." (Docket Entry No. 20 at 3). Because Ms. Roberson's injuries allegedly resulted from the condition of a property, rather than an activity, she cannot assert a negligent activity claim. *See Silva v. Fiesta Mart, LLC*, No. 4:23-CV-3059, 2024 WL 3682756, at *2 (S.D. Tex. Aug. 3, 2024) ("In Texas, a plaintiff injured by a condition on defendant's premises—rather than a contemporaneous activity—cannot bring claims for negligence *and* premises liability."); *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017) (The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases because the injuries were alleged to have resulted from physical conditions on property," not

3

from a contemporaneous activity on the particular property.).  To the extent that Ms. Roberson pled a negligent activity claim, that claim is dismissed.

Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)).  "The threshold requirement for a premises liability claim is the existence of actual or constructive knowledge of a condition on the premises." *Britton v. Home Depot U.S.A., Inc.*, 181 F. Supp. 3d 365, 370 (S.D. Tex. 2016) (quoting reference omitted).  A property owner does not have "a duty to correct an alleged dangerous condition of which it is not aware." *Id.* (quoting reference omitted).

"A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).  Walmart argues that it did not place the water on the floor and had neither actual nor constructive notice that the water was on the floor of its store in time to warn or remove the hazard before Ms. Roberson fell.  (Docket Entry No. 18 at 6).

Ms. Roberson has presented no evidence as to how long the water was on the floor before she slipped and fell.  She testified in her deposition that the water was clear and that she did not know how long it had been on the floor.  (Document Entry No. 20-1 at 25, 29).  She did not know the amount of water or the size of the puddle.  (*Id*. at 25).

4

Ms. Roberson argues that there are facts supporting an inference that Walmart had actual or constructive notice that water was on the floor before she fell. (Document Entry No. 20 at 3–6). She claims that Walmart produced a "work order for the roof for March 2023 to December 2023" that raises an inference as to Walmart's actual knowledge of issues with its roof in September 2023, when the accident occurred. (*Id.* at 4) (citing "Exhibit C, Defendant's Response to Requests for Production, R. 2"). But she cited and submitted only Walmart's narrative responses to her requests for production—not the work order that she says was produced. *See* (Docket Entry No. 20-3 at 4) ("Please see attached work order for the roof for March 2023 to December 2023."). Walmart contends that the attachment was an Excel worksheet of "any work orders for the store's roof during the six months before and three months after the incident," none of which were for the portion of the store where Ms. Roberson fell. (Docket Entry No. 21 at 3). Ms. Roberson cannot raise a fact dispute by pointing to a "work order" that is apparently in her possession but she failed to submit.

Ms. Roberson also cites her testimony that an assistant manager told her after her fall that Walmart employees knew of leaks in the roof and that "they were supposed to periodically walk or check for leaks." *See* (Document Entry No. 20-1 at 25, 30).[2] This does not raise a fact dispute as to whether Walmart employees "actually knew that the [water that Ms. Roberson slipped on] was on the floor." *See Reece*, 81 S.W.3d at 814. Even if Walmart employees were aware of a risk that the roof might leak, there is no evidence that they had actual or constructive notice of the water in the clothing section that Ms. Roberson slipped on. The photographs in the record appear to

---

[2] Walmart objects to this testimony as hearsay. (Document Entry No. 21 at 2). Statements offered against an opposing party and made by the opposing party's "employee on a matter within the scope of that relationship and while it existed" are not hearsay. FED. R. EVID. 801(d)(2)(D). The court will consider the Walmart employee's statements.

5

show some clear water on a wood grained floor. *See* (Document Entry No. 20-6). Ms. Roberson testified that the water was clear and that she did not see it before she fell. (Document Entry No. 20-1 at 25, 29). Without some evidence as to how long the water had been on the floor, there is no basis for an inference that Walmart employees had a reasonable opportunity to discover it. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam) (without evidence that a hazard was "on the floor for an extended period of time," inferring an employee's knowledge of the hazard would be "pure speculation").

Evidence that after Ms. Roberson fell, the assistant manager instructed the store employees to "walk that store and make sure there is no water," (Docket Entry No. 20-1 at 30), does not support an inference that Walmart knew there was water on the floor before Ms. Roberson fell.

Because Ms. Roberson has not raised a fact dispute as to whether Walmart had actual or constructive notice of the water that she slipped on, the premises liability claim fails as a matter of law.

### III. Conclusion

Walmart's motion for summary judgment, (Docket Entry No. 18), is granted. Final judgment will be separately entered.

SIGNED on August 13, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge